# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DORLES ELLIS,                          )
                                       )
         **Plaintiff,**         )
                                       )
v.                                     )    **Case No. CIV-17-808-R**
                                       )
THE CITY OF OKLAHOMA CITY,   )
and COLTON ELLIS,                      )
                                       )
         **Defendants.**        )

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 6) filed by Defendant, the City of Oklahoma City. Plaintiff responded in opposition to the motion and Defendant filed a reply in support of its request that the Court dismiss Plaintiff's claim under the Oklahoma Constitution. Having considered the parties' filings, the Court finds as follows.[1]

Plaintiff filed this action alleging he was subjected to excessive force by Officer Colton Ellis on December 11, 2016, when Officer Ellis shot Plaintiff in the abdomen. His claims arise under federal and state law, and Defendant City of Oklahoma City challenges Count III of the Complaint, which cites the Oklahoma Constitution, Art. 2, § 30 and *Bosh v. Cherokee Building Auth.*, 305 P.3d 994 (Okla. 2013). Defendant contends Plaintiff cannot pursue a *Bosh* claim, because a remedy exists under the Oklahoma Governmental Tort Claims Act. *See Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014). Plaintiff asserts the City's position is improper unless Defendant concedes Officer Ellis was acting within

---

[1] Defendant City filed both an Answer and a Motion to Dismiss. (Doc. No. 5 and 6). Because the City filed an Answer, the instant motion is more appropriately construed as a motion for judgment on the pleadings, which ultimately does not impact the Court's analysis. *See Helm v. Kansas*, 2009 WL 2168886 (D.Kan. July 21, 2009).

the scope of his employment when he shot Dorles Ellis and that it is inconsistent with the position taken in the City's Answer, wherein it asserted that Plaintiff's OGTCA claim is barred by exemption or limitations contained therein.

In *Perry*, the court noted "governmental employees such as police officers, whether on duty or off duty, have been held to the possibility their conduct and use of excessive force may have occurred within the scope of employment subjecting their employers to liability." *Id.* at 692. The court further noted that Bosh was barred from seeking relief under the Act, because specific provisions exempt the state and political subdivisions from tort liability arising out of the operation of prison facilities, which was not the case in *Perry* nor is it the situation in the instant case. As noted by the court in *Tracewell v. Silver*, 2017 WL 58841 (N.D.Okla. Jan. 5, 2017), the Oklahoma Supreme Court decision in *Perry* was that an arrestee has no claim against a City for the alleged excessive force of its police officers under *Bosh*, because there is an available remedy under the Act.

> While Mr. Tracewell presents several arguments in an attempt to avoid the application of the *Perry* decision, the *Perry* case is largely indistinguishable as it applies to the state law excessive force claim presented by Tracewell in this case. Tracewell cannot avoid dismissal of his state claim against the City by merely alleging that Silver and McClintock were acting outside the scope of their employment, because the City may not be held liable under respondeat superior doctrine—under either the OGTCA or *Bosh*—unless the officers were acting within the scope of their employment. *See* Okla. Stat. tit. 51, § 153(A) (a governmental entity "shall not be liable under the [OGTCA] for any act or omission of an employee acting outside the scope of the employee's employment"); *Bosh*, 305 P.3d at 1004 ("The common law theory of respondeat superior applies to municipal liability under [a Bosh claim for violation of article 2, § 30 of the Oklahoma Constitution] to determine when an employee of a municipality uses excessive force within the scope of employment"). On the other hand, if the officers were acting within the scope of their employment, then Tracewell's exclusive state remedy against the City of Bartlesville was under the OGTCA. . . .

*Id.* at *4. As stated in *Bosh*,

> Under the OGTCA, the question for governmental employer liability continued to hinge on whether one acted within the scope of employment by engaging in work assigned, or if doing what was proper, necessary and usual to accomplish the work assigned, or doing that which was customary within the particular trade or business. Consequently, governmental employees such as police officers, whether on duty or off duty, have been held to the possibility that conduct such as striking arrestees, physically and verbally attacking customers of a private business, causing a car accident, or injuring detainees/arrestees, may have occurred within the scope of employment subjecting their employers to liability.

*Bosh v. Cherokee Cty. Bldg. Auth.*, 2013 OK 9, ¶ 16, 305 P.3d 994, 1000, as corrected (Okla. June 28, 2013). Because the question of the City's liability is the same regardless of whether the Court applies *Bosh* or the OGTCA, that is whether Officer Ellis was acting within the scope of his employment at the time he shot Dorles Ellis, Defendant City is entitled to dismissal of Plaintiff's *Bosh* claim, because to prevail on *Bosh* would require the same proof in this regard as a OGTCA claim. It is apparent that a *Bosh* claim exists only where there is no OGTCA claim upon which to recover, at this juncture, Defendant's motion is well taken.

Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED** this 3rd day of October 2017.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE